William A. Boyd v. Commissioner. Mark W. Allen v. Commissioner.
Boyd v. Commissioner
Docket Nos. 4988, 4989.
United States Tax Court
1947 Tax Ct. Memo LEXIS 306; 5 T.C.M. (CCH) 1205; T.C.M. (RIA) 47030; February 17, 1947
*306 Morse D. Campbell, Esq., 821 Ford Bldg., Detroit 26, Mich., and Edmund Darling, C.P.A., 851 Ford Bldg., Detroit 26, Mich., for the petitioners. Melvin S. Huffaker, Esq., for the respondent. HARRON Supplemental Findings of Fact and Opinion HARRON, Judge: The following findings of fact are made and they are supplemental to the Findings of Fact set forth in the Memorandum report in this proceeding which was entered on September 13, 1946 [1
Supplemental Findings of Fact In connection with the sale of certain assets of the corporation, Mark W. Allen and Company, to William A. Boyd, Alice L. Allen, and Mark W. Allen, pursuant to a bill of sale dated December 23, 1940, each of the above named purchasers executed notes dated December 31, 1940, as follows: William A. Boyd executed note in the
amount of
$51,884.38
Alice L. Allen executed note in the
amount of
33,441.50
Mark W. Allen executed note in the
amount of
1,332.25
Total
$86,658.13
The corporation sold all of its assets to Boyd and *307 the Allens except land and buildings. The corporation had certain obligations outstanding at the time of the sale of its assets which could be met only from the proceeds which the corporation would receive from the payments to be made on the above notes. William Boyd and Alice and Mark Allen gave their personal guarantee, individually, that they would make monthly payments on their respective notes which would aggregate about $800, or more, per month, about $9,600 per year, so that the notes would be paid not later than ten years from the dates of the notes, if not before the end of ten years. In accordance with this agreement, payments have been made monthly on each note since January 1941. The following schedule shows the total payments made in the years 1941, 1942, 1943, 1944, 1945, 1946, and the balance due on each note on January 1, 1947: 1. Note of William A. Boyd dated Dec. 31, 1940
$51,884.38
Total payments made during 1941
$ 3,264.00
Total payments made during 1942
4,665.74
Total payments made during 1943
8,160.00
Total payments made during 1944
6,859.50
Total payments made during 1945
4,998.00
Total payments made during 1946
4,896.00
Total
$32,843.24
$32,843.24
Balance due Jan. 1, 1947
$19,041.14
2. Note of Alice L. Allen dated Dec. 31, 1940
$33,441.50
Total payments made during 1941
$ 3,072.00
Total payments made during 1942
4,391.29
Total payments made during 1943
7,680.00
Total payments made during 1944
6,456.00
Total payments made during 1945
4,704.00
Total payments made during 1946
4,608.00
Total
$30,911.29
$30,911.29
Balance due Jan. 1, 1947
$ 2,530.21
3. Note of Mark W. Allen dated Dec. 31, 1940
$ 1,332.25
Total payments made during 1941
$ 64.00
Total payments made during 1942
91.49
Total payments made during 1943
160.00
Total payments made during 1944
134.50
Total payments made during 1945
98.00
Total payments made during 1946
96.00
Total
$ 643.99
$ 643.99
Balance due Jan. 1, 1947
$ 688.26
*308 During the six years, 1941 to 1946 both inclusive, the total sum of $64,398.52 has been paid on the three notes, leaving a total balance due on January 1, 1947, of $22,259.61. Since 1943, payments on the notes have aggregated $9,600, and more, per year. Payment of $9,600 per year on the three notes during the 2 1/2 years following December 31, 1946, will complete payment in full of the three notes. The makers of the notes intended to pay and agreed to pay the notes in full within, and not later than, ten years after December 31, 1940, and they have fulfilled that intention and agreement during the six years after the above date. For purposes of computing the value on December 31, 1940, of the three notes, the notes were ten year notes. Opinion The parties filed their respective recomputations of the deficiencies under Rule 50 but were not in agreement and the matter came up for hearing on January 29, 1947. At the hearing petitioners contended that the notes in question were 8 1/2 year notes according to the agreements of the makers thereof and their intention at the time of making the notes. The evidence shows that the notes were ten year notes and it has been found as *309 a fact that the notes were ten year notes. The parties did not at all times make monthly payments aggregating $800 per month. The total monthly payments ranged above and below $800. A reasonable conclusion from the evidence is that the notes were ten year notes. At the hearing, petitioners contended that the method used by the respondent in valuing the notes as of December 31, 1940, was incorrect, and they offered valuation of the notes under a method they had adopted which assumed that the notes should be valued on the basis of amortization at $849.59 per month at 3 percent interest compounded monthly. The notes did not bear any interest at all. They were not to be paid at the rate of $849.59 per month, total payments on the three notes. The parties agreed to make monthly payments on the notes aggregating $800 per month. The monthly payments have varied in amounts above and below $800 per month during the past six years. Petitioners' method of valuing the notes is improper and is disapproved. Respondent's method of valuation is an acceptable method of arriving at the discounted value on December 31, 1940, of the non-interest bearing notes, employing the use of Table B in Article *310 81.10(i)(11) of Regulations 105. As between the methods employed by petitioners and respondent in arriving at the discounted value in 1940 of the three notes, respondent's method has the support of approval in many instances similar to the situation here. Respondent's method of valuation is, therefore, approved. The recomputations which were filed under Rule 50 on December 5, 1946 and December 11, 1946, are both incorrect in view of the facts found in the Supplemental Findings of Fact. Under the Supplemental Findings of Fact made herein, and the conclusions made above, it becomes necessary for the parties to again recompute the deficiencies under Rule 50, and revised recomputations may be filed. Decisions will be entered under Rule 50. Footnotes
1. The decision has not been entered but has been awaiting recomputation of the deficiencies in income tax under Rule 50.↩